UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7674 GAF (AJWx) | Date | April 18, 2014 |
|---|---|---|---|
| Title | Hilton v. Apple Inc. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**       (In Chambers)

### ORDER RE:  MOTION TO DISMISS & TO STRIKE

### I. INTRODUCTION

Plaintiff Debra Hilton ("Plaintiff" or "Hilton"), a resident of St. Augustine, Florida, where she purchased an Apple iPhone 4, brings this putative consumer class action against Defendant Apple, Inc. ("Defendant" or "Apple"), pursuant to California's Unfair Competition Law (the "UCL") based on violations of Florida law.  (Docket No. 52 [First Am. Compl. ("FAC")] ¶¶ 46–55.)  Hilton asserts that Apple is liable under the UCL because it engaged in unlawful conduct; specifically, it violated the Florida Deceptive and Unfair Trade Practices Act (the "FDUTPA").  (Id. ¶ 48.)

Hilton alleges that a defect in Apple's iPhone 4 caused the phone's power button to become stuck after a number of uses, rendering many functions of the device unusable.  (Id. ¶ 14.)  She maintains that Apple's "omission and non-disclosure of this material defect" violates Florida Statute § 501.204—a portion of the FDUPTA—thereby creating a violation of the UCL. (Id. ¶¶ 47, 52.)  Hilton asserts this claim on behalf of all iPhone 4 purchasers in Florida.  (Id. ¶ 38.)

Apple now moves to dismiss Plaintiff's FAC on the grounds that:  (1) Hilton has no claim under the FDUTPA; (2) "a foreign state's law cannot form the basis of an unlawful prong claim under the UCL"; and (3) Plaintiff has not pled her fraud-based FDUTPA claim with specificity, pursuant to Federal Rule of Civil Procedure 9(b).  (Docket No. 56, [Mot. to Dismiss ("Mem.")]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7674 GAF (AJWx) | Date | April 18, 2014 |
|---|---|---|---|
| Title | Hilton v. Apple Inc. | | |

at 3–5.) Defendant also seeks to strike portions of the FAC relating to Plaintiff's class definition, and asks that the court take judicial notice of the warranty it provides to all iPhone 4 purchasers. (Mem. at 20–21; Docket No. 57 [Req. for Judicial Notice ("RJN")].)

Violations of the law of a foreign jurisdiction cannot form the basis of a UCL claim. Even if they could, Plaintiff's FDUTPA allegations have not been pled with the particularity required by Rule 9(b). Accordingly, the Court **GRANTS** Apple's motion to dismiss. Because the Court dismisses Plaintiff's complaint, it **DENIES** the request to strike **as moot**. The Court sets forth its reasoning in further detail, below.

**II.
BACKGROUND**

**A. FACTUAL BACKGROUND**

Hilton asserts that she purchased an iPhone 4 from AT&T on October 17, 2011. (FAC ¶ 32.) She maintains that a latent defect causes "premature deterioration" of a cable within this type of phone, making "the power button . . . harder and harder to depress until eventually it becomes entirely unresponsive." (Id. ¶ 14.) She believes that this design defect is pervasive, apparently affecting all iPhone 4 users in Florida. (Id. ¶¶ 29, 38.) Failure of the power button allegedly "precludes general use of the phone." (Id. ¶ 15.)

Apple ostensibly "tout[ed] the iPhone as an innovative technological marvel" even though the "iPhone 4 suffers from a latent defect in a relatively simple component part." (Id. ¶ 14.) The defect allegedly appears during the "lifetime or duration of the two-year contract for wireless service for the iPhone 4." (Id. ¶ 4.) Nonetheless, "Apple only warrants the iPhone against defects in materials and workmanship for a period of one year."[1] (Id. ¶ 16.)

---

[1] Apple has asked that the Court take judicial notice of this warranty. (RJN, Ex. A.) A court may consider certain documents outside the pleadings when ruling on a motion to dismiss. Lee v. City of L.A., 250 F.3d 668, 688–689 (9th Cir. 2001). Among these are: "(a) documents that are properly submitted as part of the complaint; (b) documents upon which plaintiff's complaint necessarily relies and whose authenticity is not contested; and (c) matters of public record of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence." Van Ryzin v. CitiMortgage, Inc, 2013 U.S. Dist. LEXIS 42010, at *5–6 (C.D. Cal. Mar. 22, 2013) (citing Lee, 250 F.3d at 688–689). While the warranty might justifiably fall within this standard, its relevant language was included in Plaintiff's complaint. The warranty itself is therefore not necessary to the disposition of Defendant's motion to dismiss. Accordingly, the request for judicial notice is **DENIED as moot**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7674 GAF (AJWx) | Date | April 18, 2014 |
|---|---|---|---|
| Title | Hilton v. Apple Inc. | | |

Plaintiff claims that, as a result of this defect, the power button on her iPhone became stuck and nonfunctional less than three months after the expiration of the phone's one year warranty. (Id. ¶ 32.) She then called Defendant's customer service number, and was told that, because her phone was out of warranty, "her only option was to purchase a new phone." (Id. ¶ 33.) Dissatisfied, Plaintiff called technical support to discuss her options. (Id. ¶ 34.) This time she was given four alternatives, each of which required the purchase of a $149.99 replacement phone or the payment of a repair fee. (Id.)

### III. DISCUSSION

**A. LEGAL STANDARD**

A complaint may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint, and construe them "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007). Dismissal under Rule 12(b)(6) may be based on either (1) a lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief. Id. at 679. Furthermore "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 678–79; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7674 GAF (AJWx) | Date | April 18, 2014 |
|---|---|---|---|
| Title | Hilton v. Apple Inc. | | |

      Moreover, Federal Rule of Civil Procedure 9(b) imposes heightened pleading requirements for claims of fraud. A plaintiff "must state with particularity the circumstances constituting fraud," but can allege generally "[m]alice, intent, knowledge, and other conditions of a person's mind." Fed. R. Civ. P. 9(b). The particularity requirement "has been interpreted to mean the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." Miscellaneous Serv. Workers, Drivers & Helpers, Teamsters Local No. 427 v. Philco-Ford Corp., 661 F.2d 776, 782 (9th Cir. 1981). "Averments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged. Vess v. Cib-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citing Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). In addition, the plaintiff must "set forth what is false or misleading about a statement, and why it is false." Rubke v. Capitol Bancorp Ltd., 551 F.3d 1156, 1161 (9th Cir. 2009) (internal quotations omitted). These requirements "ensure[] that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).

**B. APPLICATION**

      Plaintiff's complaint now includes only one cause of action: a violation of the California UCL. (FAC ¶¶ 46–55.) This claim, however, is predicated on an underlying violation of the Florida FDUTPA.[2] (Id. ¶ 48.) California law does not permit the assertion of a UCL claim based on the violation of foreign law. Even if it did, Plaintiff has not pled sufficient facts to support an FDUTPA claim.

      **1. THE UNFAIR COMPETITION LAW**

      California Business & Professions Code Section 17200 prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. To state a claim for an "unlawful" business practice under Section 17200—as Plaintiff claims to do here—one must assert the violation of some other law. Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).

---

      [2] Plaintiff actually states that her complaint should survive because Apple's conduct, "inter alia," violates the FDUTPA. (FAC ¶ 48.) Though this language inherently suggests some other foundation for her UCL claim, no such support is ever given.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7674 GAF (AJWx) | Date | April 18, 2014 |
|---|---|---|---|
| Title | Hilton v. Apple Inc. | | |

Additionally, in order to have standing under the UCL, a plaintiff must have "suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Accordingly, "[p]laintiffs filing an unfair competition suit must prove a pecuniary injury . . . ." TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 825 n.1 (9th Cir. 2011) (citing Hall v. Time Inc., 70 Cal. Rptr. 3d 466, 470–71 (Ct. App. 2008)). Finally, the UCL imposes an "'immediate' causation" requirement. Id. (citing In re Tobacco II Cases, 207 P.3d 20 (Cal. 2009)).

### *a. Importing Law from Another State to Satisfy the 'Unlawful' Prong*

Plaintiff's cause of action relies solely upon the unlawful prong of the UCL. (See Docket No. 60 [Opp. to Mot. to Dismiss ("Opp.")] at 14–16.) She contends that Apple offers a product for sale whose defect occurs shortly after the expiration of its warranty. (FAC ¶¶ 15–18, 51–52.) She contends that this violates a Florida law, the FDUTPA, and that this Florida law can form the basis of a California UCL claim. (Id. ¶¶ 47, 48.)

This theory is entirely devoid of legal precedent, and it misconstrues the scope of the UCL. Moreover, incorporating the FDUTPA in this way would cause a direct conflict with other California law—which cannot have been the state legislature's intent when it drafted the UCL.

"The 'unlawful' practices prohibited by [S]ection 17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." Saunders v. Superior Court, 27 Cal. App. 4th 832, 838–39 (1994). But while this language is broad, no courts have "allow[ed] a plaintiff to import either statutes or precedent from another state as an unlawful business practice." Van Slyke v. Capital One Bank, 2007 U.S. Dist. LEXIS 82690, at *41 (N.D. Cal. Nov. 7, 2007). Further, "California courts have been highly critical of attempts to apply the [UCL] outside California borders for transactions that do not affect California residents and did not take place within the state." Id. (citing Norwest Mortgage, Inc. v. Superior Court, 72 Cal. App. 4th 714, 725 (1999)); see also Doe v. Nestle, S.A., 748 F. Supp. 2d 1057, 1122–23 (C.D. Cal. 2010) ("California courts have consistently held that out-of-state plaintiffs may not bring [UCL] claims for out-of-state misconduct or injuries."). Indeed, allowing a plaintiff to do so would "raise[] significant due process problems." Norwest Mortg., Inc., 72 Cal. App. 4th at 225.

In light of this approach, it is unsurprising that Plaintiff has failed to cite any authority permitting foreign state law to serve as the basis for a UCL claim. (See Opp. at 14–16.) Though

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7674 GAF (AJWx) | Date | April 18, 2014 |
|---|---|---|---|
| Title | Hilton v. Apple Inc. | | |

she may believe otherwise, the cases upon which Plaintiff does rely do not actually condone her approach.

The first case, AirWatch LLC v. Mobile Iron, Inc., holds only that the UCL may be invoked in other states—not that the laws of other states themselves give rise to independent UCL violations. 2013 U.S. Dist. LEXIS 125817, at *20–21 (N.D. Ga. Sept. 4, 2013) (citing Foster v. United States, 768 F.2d 1278, 1281 (11th Cir. 1985)). Other cases mentioned in Plaintiff's opposition are equally inapposite. See Florida v. Tenet Healthcare Corp., 420 F. Supp. 2d 1288, 1311–12 (S.D. Fla. 2005) (using a federal statute as the foundation for a UCL claim); TruePosition, Inc. v. Sunon, Inc., 2006 U.S. Dist. LEXIS 32918, at *16 (E.D. Pa. May 23, 2006) (relying on the 'unfair' prong of the UCL, rather than the 'unlawful' prong). Both apply the UCL in a foreign jurisdiction, but neither of them uses the law of a foreign state as the basis for a claim under the unlawful prong of the UCL.

Plaintiff next contends that the Ninth Circuit has "strongly intimated" that "out of state violations may give rise to UCL liability." (Opp. at 15) (citing Speyer v. Avis Rent a Car Sys., 242 F. App'x 474, 475 (9th Cir. 2007).) While the Circuit may have suggested as much—in dicta, in an unreasoned opinion spanning four paragraphs—it ultimately declined to address the issue. Speyer, 242 F. App'x at 474–75 ("we need not determine the reach of California's unfair competition law . . . .").[3] What's more, Speyer can be found only in the Federal Appendix, and is therefore not binding on the courts of this Circuit. (See 9th Cir. R. 36-3) ("Unpublished dispositions and orders of this Court are not precedent . . . .")

Further militating against Plaintiff's approach, importing an FDUTPA claim here—at least as Plaintiff characterizes such a claim—would lead to an untenable conflict within California law.

As described by this Court in an earlier opinion, California law does not impose a duty on Apple to disclose the alleged defect at issue in this case. (Docket No. 46 [1/9/14 Order] at 12.) California courts have held that "[t]he only expectation buyers could have had about . . . [a product] was that it would function properly for the length of [the defendant's] express warranty." Daugherty v. Am. Honda Motor Co., Inc., 144 Cal. App. 4th 824, 838, 51 Cal. Rptr. 3d 118, 128 (2006). Because the express warranty in this case provides for a single year of

---

[3] Further distinguishing Speyer, the trial court's decision—which led to the appeal—was not based on a foreign state law, but on a California law. See Speyer v. Avis Rent A Car Sys., Inc., 415 F. Supp. 2d 1090, 1098 (S.D. Cal. 2005) ("Plaintiffs allege Defendants have violated § 1936(n)(1) of the California Civil Code . . . .").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7674 GAF (AJWx) | Date | April 18, 2014 |
|---|---|---|---|
| Title | Hilton v. Apple Inc. | | |

coverage, a defect after that time would not ordinarily give rise to a cause of action. (1/9/14 Order at 12; FAC ¶ 16.)

If the Court were to allow incorporation of the FDUTPA into California law—and the FDUTPA actually made defects arising after the expiration of a warranty actionable—the entire line of reasoning represented by Daugherty would be nullified. The UCL would, for lack of a more polite phrase, swallow lesser laws whole. See Van Slyke, 2007 U.S. Dist. LEXIS 82690, at *40 ("If a practice is expressly permitted by law, it cannot be an unlawful business practice.").

Accordingly, Defendant's motion to dismiss the UCL claim must be **GRANTED**, and the claim dismissed **with prejudice**.

2. CLAIMS UNDER THE FDUTPA

Plaintiff has asked that, if the Court dismisses her UCL claim, she be allowed to amend the complaint so that it relies directly upon the FDUTPA as a cause of action. (Opp. at 14.)

The FDUTPA deems "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce" to be unlawful. Fla. Stat. § 501.204(1). To bring a successful FDUTPA claim, a consumer must prove: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." Rollins, Inc. v. Butland, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006). In other words, Hilton, a Florida resident who allegedly suffered injury in Florida, asks to pursue a claim in a California court based on a direct violation of Florida law.

In contrast to the UCL, Florida courts have suggested that FDUTPA claims may continue where an underlying product defect arises only after an express warranty has expired. See, e.g., Rothstein v. DaimlerChrysler Corp., 2005 U.S. Dist. LEXIS 30017, at *6–7 (M.D. Fla. Nov. 18, 2005); Licul v. Volkswagen Group of Am., 2013 U.S. Dist. LEXIS 171627, at *12–18 (S.D. Fla. Dec. 5, 2013) (declining to extend its expiration of warranty reasoning to FDUTPA claims). Florida courts have also recognized that a FDUTPA claim may be stated where the defendant knowingly fails to disclose a material defect that merely diminishes a product's value—which appears to be Plaintiff's theory here. See, e.g., Davis v. Powertel, Inc., 776 So. 2d 971, 973 (Fla.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7674 GAF (AJWx) | Date | April 18, 2014 |
|---|---|---|---|
| Title | Hilton v. Apple Inc. | | |

Dist. Ct. App. 2000). These were two of the principal hurdles to Hilton's UCL claim; with them removed, it may be possible for her to state a claim against Defendant.[4]

Having said this, a claim such as Plaintiff's—which arises out of alleged misrepresentations—"is grounded in fraud and subject to the heightened pleading requirements of Rule 9(b)." D.H.G. Props., LLC v. Ginn Cos., LLC, 2010 U.S. Dist. LEXIS 140208, at *20 n.9 (M.D. Fla. Sept. 28, 2010). At least at this point, Plaintiff has not met this standard.

The FAC does not describe Defendant's supposedly fraudulent misrepresentations or omissions with particularity. Philco-Ford Corp., 661 F.2d at 782 (requiring that a plaintiff "state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation."). Significantly, there are no allegations relating to when Apple became aware of a product defect, and therefore began omitting that information. Further, Plaintiff does not provide the specific content of any advertisements in which Apple "tout[ed] the iPhone as an innovative technological marvel." (Id. at ¶ 14.) In short, she does not allege "what is false or misleading about a statement, and why it is false." Rubke, 551 F.3d at 1161.

The original complaint suffered from this same defect—which the Court pointed out in its order dismissing that pleading. (1/9/14 Order at 10.) Plaintiff has therefore already been given the opportunity to add particular allegations and has not done so. Accordingly, while the Court will grant Plaintiff leave to amend her complaint, Plaintiff will be given only this one additional opportunity to meet the pleading standard imposed upon her by Rule 9(b).

**C. MOTION TO STRIKE**

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Ninth Circuit has held that "'[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief" and that "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal

---

[4] The Court cautions Plaintiff, however, that she has so far provided no allegations of any deceptive omission or statement. The one and only statement regarding the at-issue product's durability—the warranty provided to every iPhone 4 purchaser—expressly indicates that its lifespan cannot be guaranteed for more than one year. (FAC ¶ 16.) The express terms of the only contract at issue therefore tend to eliminate the possibility of deception. See Zlotnick v. Premier Sales Grp., Inc., 480 F.3d 1281, 1285 (11th Cir. 2007) (affirming dismissal on similar grounds).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7674 GAF (AJWx) | Date | April 18, 2014 |
|---|---|---|---|
| Title | Hilton v. Apple Inc. | | |

citations omitted), rev'd on other grounds, 510 U.S. 517 (1994). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

"Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). Accordingly, "courts often require a showing of prejudice by the moving party before granting the requested relief." Quintana v. Baca, 233 F.R.D. 562, 564 (C.D. Cal. 2005) (internal quotations omitted). In considering a Rule 12(f) motion, "the Court views the pleadings in the light most favorable to the non-moving party, and resolves any doubt as to the relevance of the challenged allegations in favor of [the pleading party]. This is particularly true if the moving party fails to demonstrate prejudice." Id. (internal citation omitted). In the end, the decision to grant or deny the motion is vested within the sound discretion of the trial court. Neilson, 290 F. Supp. 2d at 1152.

Here, Defendant asks the Court to strike portions of the FAC which pertain to Plaintiff's class definition. (Mem. at 20–21.) But it does not argue that it will suffer prejudice if the language is not stricken. Rather, Apple argues that no class such as Plaintiff defines it could be maintained. (Id. at 20.) This issue was largely dealt with in ruling on Defendants' motion to dismiss; a motion to strike is not ordinarily the appropriate vehicle for dealing with insufficiently pled facts. Absent a showing of prejudice, and because the Court has already dismissed Plaintiff's sole claim, Apple's motion to strike is **DENIED as moot**.

## IV.
## CONCLUSION

Based on the foregoing discussion, Apple's motion to dismiss is **GRANTED**. Plaintiff shall be given one opportunity to amend her complaint. This amended complaint shall be filed no later than **Friday, May 2, 2014**. **Failure to amend her pleading by this date will result in dismissal of Plaintiff's action.** The motion to strike is **DENIED as moot**. The hearing presently scheduled for Monday, April 21, 2014, is hereby **VACATED**.

**IT IS SO ORDERED.**